The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ford. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the modification of plaintiffs permanent partial disability rating and the assessment of the $75.00 fee against defendants.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as
 STIPULATIONS
1. On March 15, 1997, the parties were subject to and bound by the North Carolina Workers Compensation Act.
2. On that date, the employer-employee relationship existed between the parties.
3. As of that date, North Carolina Farm Bureau provided the coverage to defendant-employer as provided under the Act.
4. Plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on March 15, 1997.
5. On that date plaintiff was earning an average weekly wage of $399.27.
6. That the sole issue to be determined in this case is:
 a. To what amount of permanent partial disability compensation is plaintiff entitled.
7. The parties further stipulate into evidence a Pre-Trial Agreement dated March 15, 1997 together with attached medical records, that a charge of $75.00 against plaintiff for a letter dated January 19, 1999 will be treated as medical expense for the purpose of this hearing, that plaintiff began working for defendant-employer in October 1996 and last so worked in March 1996, is presently employed by another employer and is making no claim for temporary total disability compensation benefits.
 ***********
The Full Commission adopts with modification the findings of fact found by the Deputy Commissioner and finds as follows
 FINDINGS OF FACT
1. On March 15, 1997, plaintiff suffered a compensable injury by accident to his back, which resulted in further disability to his back in addition to the disability he had suffered from an earlier accidental injury prior to March 15, 1997.
2. Prior to March 15, 1997, plaintiff suffered a compensable injury to his back, which resulted in a ten percent (10%) permanent partial disability of his back for which he already has been compensated under the provisions of the North Carolina Workers Compensation Act.
3. Plaintiffs physicians differ in their opinions as to the amount of plaintiffs additional permanent partial disability. Dr. Craig Derian is of the opinion that plaintiff has suffered an additional thirteen and one half percent (13%) permanent partial disability to his back. However, Dr. Timothy W. McGowan is of the opinion that plaintiff has suffered merely an additional five percent (5%) permanent partial disability to his back.
4. Both medical opinions concerning plaintiffs additional permanent partial disability to his back are credible and reasonable and are based on competent medical authority. Therefore, plaintiff has sustained an additional nine and one-forth percent (9.25%) permanent partial disability to his back.
5. The letter of Dr. McGowen dated January 13, 1999 was obtained by plaintiffs attorney in the litigation process and was stipulated into evidence by the parties. This letter is an expense of litigation and is not a medical record or medical expense.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission concludes as follows
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to permanent partial disability compensation for an additional permanent partial disability rating of nine and one-fourth percent (9.25%) of the back resulting in 27.75 weeks at the rate of $266.18 per week commencing June 4, 1998. N.C.G.S. 97-31.
2. Plaintiff is not entitled to have defendants pay for Dr. McGowens letter dated January 19, 1999 as part of the reasonably necessary medical expenses resulting from plaintiffs compensable injury by accident as the letter is merely an expense of litigation to be born by plaintiff. N.C.G.S. 97-2(19) and 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Defendants shall pay to plaintiff permanent partial disability compensation benefits for his additional permanent partial disability of nine and one-fourth percent (9.25%) in the amount of 27.75 weeks at the rate of $266.18 per week commencing June 4, 1998, less the attorney fee hereinafter provided.
2. An attorney fee of twenty-five percent (25%) of the compensation awarded is hereby approved for Richard Pardue, Jr. to be deducted from the compensation awarded and paid directly to Mr. Pardue.
3. Defendants shall pay the costs.
This the ___ day of August
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
S/_______________ CHRISTOPHER SCOTT COMMISSIONER